IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EUGENE CADENA,
PLAINTIFF

VS                                                        CIVIL ACTION 5:15-cv-00552

SAN ANTONIO POLICE SERGEANT DANIEL SCOTT,
SAN ANTONIO POLICE OFFICER CHRISTOPHER RAY,
SAN ANTONIO POLICE OFFICER CRAIG RODRIGUEZ,
SAN ANTONIO POLICE OFFICER MICHAEL MAROTTA,
SAN ANTONIO POLICE OFFICERCATHERINE GAGNON,
SAN ANTONIO POLICE OFFICER "JOHN DOE 1" AND SAN
ANTONIO POLICE OFFICER "JOHN DOE 2,"
DEFENDANTS

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, PLAINTIFF EUGENE CADENA, complaining of SAN ANTONIO POLICE SERGEANT DANIEL SCOTT, SAN ANTONIO POLICE OFFICER CHRISTOPHER RAY, SAN ANTONIO POLICE OFFICER CRAIG RODRIGUEZ, SAN ANTONIO POLICE OFFER MICHAEL MAROTTA, SAN ANTONIO POLICE OFFICER CATHERINE GAGNON, SAN ANTONIO POLICE OFFICER "JOHN DOE 1" AND SAN ANTONIO POLICE OFFICER "JOHN DOE 2" and would show the Court as follows:

## Introduction

1.     This civil action arises from the violation of Plaintiff Eugene Cadena's civil rights on or about July 7, 2013 by officers with the San Antonio Police Department, pursuant to 42 USC § 1983, 42 USC § 1988, and the United States Constitution.  This is a civil rights action challenging as unconstitutional the conduct of San Antonio Police officers in their warrantless arrest, detention and use of excessive force on Eugene Cadena premised upon his exercise of his rights under the Constitution to document the conduct of city police officers performing their public duties in a public place.

## Jurisdiction and Venue

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 1343.  Venue in this Court is appropriate under 28 U.S.C. Section 1391(b)(2).

## Parties

3.     Plaintiff, Eugene Cadena, is a resident of the City of San Antonio, Texas.

4.     Defendants Daniel Scott, Craig Rodriguez, Christopher Ray, Michael Marotta, Catherine Gagnon, "John Doe 1" and "John Doe 2" were police

officers for the City of San Antonio during the times set out in this complaint and are residents of the City of San Antonio. At all times and during all incidents relevant to this complaint, the Defendants were acting under color of law.

## Pre-Suit Requirements

5. The San Antonio Police Department had actual notice pursuant to the Texas Tort Claims Act, V.T.C.A Civil Practice & Remedies Code § 101.101.

## Statement of Facts

6. On July 7, 2013, Plaintiff Eugene Cadena was at the Hotel Valencia in San Antonio, Bexar County, Texas attending pre-wedding events when he witnessed his wife being arrested in the lobby by San Antonio Police Officer Prescott at approximately 1:00 a.m. Cadena approached and aided the arresting officer by providing identification information regarding his wife. Shortly after, Cadena's brother-in-law arrived on the scene and the arresting officer asked that they both "back away". Cadena and his brother-in-law followed the officer's request.

7. After hearing screams from his wife, Mr. Cadena returned to the lobby of the hotel and began videotaping his wife's arrest. Mr. Cadena remained several feet away from his wife and the officers. Seconds later,

Officer Craig Rodriguez approached Mr. Cadena and pushed him against the wall that was several feet away.  A second officer, Officer Christopher Ray, aided Officer Rodriguez in then pushing Mr. Cadena to the floor.  Once on the floor, two additional officers jumped on Cadena's back.  These officers are referred to as Officers "John Doe 1" and "John Doe 2" if they are not already parties to this matter.

8. While on the floor, Mr. Cadena received a power jab to the head, was elbowed and kneed multiple times to his back and ribs, and tased by Officer Marotta.

9. After being handcuffed, Mr. Cadena was inappropriately searched by a female officer, Officer Gagnon, who continued her search after Mr. Cadena requested a male officer search him.  Following the incident, Mr. Cadena needed assistance walking and repeatedly requested medical treatment.

10. Mr. Cadena was arrested and charged with interfering with public duties, resisting arrest and public intoxication for filming his wife's arrest.  Having not committed a crime, Mr. Cadena was wrongfully detained.  On February 19, 2014, Mr. Cadena's criminal charges were dropped due to lack of probable cause.

11.     The Hotel Valencia's security camera captured the incident in its entirety and clearly reveals the excessive force used on Mr. Cadena.  Mr. Cadena continues to have numbness in his middle and ring finger on his left hand, as well as, anxiety.   Mr. Cadena was also publicly humiliated by the conduct of these officers.

## Theories of Liability

12.     Citizens have the right, protected under the First Amendment to the United States Constitution, to document the public performance of government officials, including police officers, through photography, as well as audio and video recording.   Thus, there was no reasonable basis for any arrest of Mr. Cadena for exercising his First Amendment right to record the conduct of the officers in arresting his wife.

13.      On the occasion in question, all defendants violated Mr. Buehler's First Amendment and Fourteenth Amendment rights when they interfered with his exercise of his First Amendment rights by detaining Mr. Cadena without probable cause or reasonable suspicion, arrested him, searched him, and then continued their false prosecution of Mr. Cadena without probable cause.

15.     In addition, on July 7, 2013, Officer Rodriguez, Officer Ray, Officer Marotta and Officers "John Doe 1" and "John Doe 2" used excessive force

against his causing him physical injuries. These actions violated Mr. Cadena's civil rights.

16. All Defendants acted willfully and wantonly in depriving Mr. Cadena of his constitutionally protected civil rights afforded to him by the constitution of the United States of America and the First Amendment, Fourth Amendment, and Fourteenth Amendment by conspiring to and/or engaging in conduct which caused, encouraged, and continued violations of Mr. Cadena's civil rights.

17. Defendants are liable for these civil rights violations pursuant to 42 U.S.C. 1983.

18. As a result of the officer's tortious acts, Mr. Cadena suffered damages including loss of liberty, mental anguish, physical and emotional injuries, pain and suffering.

## Damages

Mr. Cadena suffered loss of liberty, mental anguish, physical and emotional injuries, pain and suffering, embarrassment, humiliation, shame, and damage to his reputation.

## Punitive Damages

All individuals sued are liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights.

## Jury Demand

Plaintiff requests trial by jury.

## Relief

In light of the foregoing, Plaintiff requests Judgment against Defendants, jointly and severally, as follows:

1. Compensatory damages from the Defendants, in an amount to be determined by the trier of fact;

2. Punitive damages from the Defendants, in an amount to be determined by the trier of fact;

3. Pre-judgment and post-judgment interest;

4. Reasonable costs, expenses and attorneys' fees; and

5. All such other relief to which the plaintiff is entitled.

RESPECTFULLY SUBMITTED,

*/s/ Christopher J. Deeves*
Christopher J. Deeves

Texas State Bar No. 00790575
THE LAW OFFICE OF
CHRISTOPHER DEEVES, P.C.
1370 Pantheon Way, Suite 110
San Antonio, Texas 78232
Tel: (210) 762-6770/ (210) 445-8807
Fax: (210) 501-0915
e-mail: chrisdeeves@att.net